

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-24-00564-CV

Thomas **ANTHONY**,
Appellant

v.

**WILDERNESS OAK, LLC**,
Appellee

From the County Court at Law No. 10, Bexar County, Texas
Trial Court No. 2024-CV-06312
Honorable Cesar Garcia, Judge Presiding

Opinion by:    Velia J. Meza, Justice

Sitting:    Irene Rios, Justice
        Lori I. Valenzuela, Justice
        Velia J. Meza, Justice

Delivered and Filed: August 5, 2026

VACATED; APPEAL DISMISSED

This is a pro se appeal from a forcible detainer action in which Thomas Anthony was evicted and ordered to pay unpaid rent. Because we conclude the trial court lacked jurisdiction at the time of trial and when the final judgment was signed, we vacate the trial court's judgment and dismiss this appeal for lack of jurisdiction.

## BACKGROUND

Wilderness Oak, LLC owns the apartment community known as The Anthony at Canyon Springs, where Anthony leased an apartment. After Anthony fell behind on rent, Wilderness Oak delivered a notice to vacate on May 4, 2024. When Anthony did not vacate, Wilderness Oak filed a petition for eviction in the justice court, seeking possession and $4,818.00 in unpaid rent.

On July 1, 2024, the justice court signed a default judgment awarding Wilderness Oak possession and unpaid rent. That same day, Anthony removed the case to federal court, alleging federal question jurisdiction and diversity jurisdiction. On July 11, 2024, the federal district court remanded the case.

Anthony appealed to county court. Anthony requested a trial date of August 9, 2024, which was granted. One day before trial, Anthony filed a document entitled "Judicial Notice Case has been Removed," wherein Anthony asserted the case had again been removed to federal court. The certificate of service attached to that document states that a "Notice of Removal and Counterclaim" was filed "in this Federal District Court."

The county court called the case for a bench trial on August 9, 2024. The trial court noted on the record that the case "has been remanded down" by order of the federal district court and that it therefore had jurisdiction to proceed. Wilderness Oak's property manager testified to the lease, the notice to vacate, Anthony's continued possession, and $9,636.00 in unpaid rent. The trial court found Wilderness Oak proved the elements of its eviction claim and signed a final judgment on August 9, 2024, awarding Wilderness Oak possession of the property, $9,636.00 in unpaid rent, $1,600.00 in attorney's fees, court costs, and post-judgment interest. This appeal followed.

**DISCUSSION**

Anthony's pro se brief raises six issues. Because his first issue is dispositive, we address only that issue. *See* TEX. R. APP. P. 47.1.

**1  Effect of Removal on the Trial Court's Authority**

In his first issue, Anthony argues the trial court lacked authority to try the case and to sign a final judgment because the case had been removed to federal court. Whether a trial court had subject-matter jurisdiction to act is a question of law we review de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

A defendant removing a civil action from state court must complete three procedural steps: file a notice of removal in the federal district court, give written notice of the removal to all adverse parties, and file a copy of the notice of removal with the clerk of the state court. 28 U.S.C. § 1446(d). Removal is not effective until all three steps are completed. *Stephens v. Portal Boat Co.*, 781 F.2d 481, 482 n.1 (5th Cir. 1986) ("[A] removal is not effective until notice is given to the state court."); *Hampton v. Union Pac. R.R. Co.*, 81 F. Supp. 2d 703, 706–07 (E.D. Tex. 1999) (state court retains jurisdiction until copy of notice of removal is filed with state-court clerk). Once removal is effected, the state court "shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d); *see also In re Sw. Bell Tel. Co., L.P.*, 235 S.W.3d 619, 624 (Tex. 2007) (orig. proceeding) (holding that state courts are prohibited from taking any action "from the time the case [is] removed to federal district court" until it is remanded). Any order or judgment the state court signs while the case is removed to federal court is "not . . . simply erroneous, but absolutely void." *Roman Cath. Archdiocese of San Juan v. Acevedo Feliciano*, 589 U.S. 57, 63–64 (2020) (quoting *Kern v. Huidekoper*, 103 U.S. 485, 493 (1881)); *J.P. Morgan Chase Bank, N.A. v. Del Mar Props.,*

*L.P.*, 443 S.W.3d 455, 460 (Tex. App.—El Paso 2014, no pet.). The state court is revested with jurisdiction only when the federal district court executes a remand order and mails a certified copy to the state court. 28 U.S.C. § 1447(c); *Quaestor Invs., Inc. v. State of Chiapas*, 997 S.W.2d 226, 229 (Tex. 1999) (per curiam).

Anthony's initial notice of removal was filed on July 1, 2024, and the federal district court remanded the case by order signed July 11, 2024, and the federal district clerk transmitted a certified copy of the remand order to the state court. At that point, the state court was revested with jurisdiction. *Quaestor*, 997 S.W.2d at 229.

But the record establishes that Anthony effected another removal just before trial commenced. First, he filed a notice of removal in the federal district court on August 8, 2024, initiating cause number 5:24-CV-877-FB. Second, the certificate of service reflects that copies of the removal papers were directed to Wilderness Oak at its address of record. Third, at 9:23 a.m. on August 9, 2024, Anthony filed a written notice of the removal with the county clerk's office. When the county court called the case for trial later that morning, the removal was already effective, and the court could "proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d).

That Anthony's subsequent removal was meritless does not alter the analysis.[1] Once a removal is effective, the propriety of the removal is a question for the federal court alone.

---

[1] A minority of courts recognize an exception under which a facially frivolous notice of removal—such as presenting no colorable basis for removal—does not divest the state court of jurisdiction. *See, e.g., Hunnewell v. Palm Beach Cnty.*, 786 So. 2d 4, 6 (Fla. Dist. Ct. App. 2000) (op. on reh'g) ("[I]f on the face of the petition absolutely no colorable claim for removal is made, then the state court need not recognize the removal."); *Wilson v. Sandstrom*, 317 So. 2d 732, 740–41 (Fla. 1975) ("When removal is shown to be improper the State court's actions are not void.") (relying on *Metro. Cas. Ins. Co. v. Stevens*, 312 U.S. 563, 566 (1941), decided under a predecessor removal statute); *but see Farm Credit Bank of St. Paul v. Rub*, 481 N.W.2d 451, 456 (N.D. 1992) (describing the contrary rule—that state-court adjudications made while a removal petition is pending are void even if the case is later determined not removable—as commanding "all but unanimity."). No Texas court has recognized such an exception, and we decline to adopt one here. Once removal is effected, the statute admits no exception for meritless removals: the state court "shall proceed no further unless and until the case is remanded." *See In re Sw. Bell*, 235 S.W.3d at 624–25.

Proceedings conducted in state court between removal and remand "are absolutely void, despite subsequent determination that the removal petition was ineffective." *South Carolina v. Moore*, 447 F.2d 1067, 1073 (4th Cir. 1971). Nor does it matter that the papers Anthony filed with the county clerk were styled a "Judicial Notice." The purpose of section 1446(d)'s state-court filing requirement is to inform the state court that the case has been removed so that it takes no further action. *Hampton*, 81 F. Supp. 2d at 706–07. The papers Anthony filed—file-stamped by the federal clerk and identifying the new federal cause number—did exactly that. Furthermore, the trial court had actual notice of the removal when it proceeded to trial because Anthony expressly called the court's attention to the removal.

The trial court was not revested with jurisdiction until after the federal district court remanded the case on October 31, 2024, and the federal clerk transmitted notice of the remand on November 1, 2024.[2] *See Quaestor*, 997 S.W.2d at 229. The August 9, 2024 trial and final judgment fell squarely within the period during which the state court was prohibited from acting. The judgment is therefore void. *Acevedo Feliciano*, 589 U.S. at 64; *Sw. Bell*, 235 S.W.3d at 624; *Del Mar Props.*, 443 S.W.3d at 460.

We sustain Anthony's first issue.

---

[2] The clerk's record does not contain the remand order resulting from the August 8 removal. We take judicial notice of the docket in *Wilderness Oak, LLC v. Anthony*, No. 5:24-CV-877-FB (W.D. Tex.), which reflects that Anthony filed a notice of removal on August 8, 2024, Dkt. No. 3, that the district court remanded the case to the county court on October 31, 2024, Dkt. No. 18, and that the clerk transmitted notice of the remand to the county court on November 1, 2024, Dkt. No. 20. *See* TEX. R. EVID. 201(b)(2); *Freedom Commc'ns, Inc. v. Coronado*, 372 S.W.3d 621, 623–24 (Tex. 2012) (per curiam) (taking judicial notice of federal court records not contained in the appellate record because they were relevant to whether the order under review was void); *see also SEI Bus. Sys., Inc. v. Bank One Tex., N.A.*, 803 S.W.2d 838, 841 (Tex. App.—Dallas 1991, no writ) ("As a general rule, appellate courts take judicial notice of facts outside the record only to determine jurisdiction over an appeal or to resolve matters ancillary to decisions which are mandated by law.").

**CONCLUSION**

Because the trial court's judgment is void, we do not have jurisdiction to address the merits of Anthony's remaining issues. *Freedom Commc'ns*, 372 S.W.3d at 623 ("[A]ppellate courts do not have jurisdiction to address the merits of appeals from void orders or judgments; rather, they have jurisdiction only to determine that the order or judgment underlying the appeal is void and make appropriate orders based on that determination.").

Although it is unnecessary to appeal from a void judgment, an appeal may be taken, and in such an appeal our jurisdiction is limited to declaring the judgment void and making appropriate orders based on that determination. *State ex rel. Latty v. Owens*, 907 S.W.2d 484, 486 (Tex. 1995) (per curiam); *Freedom Commc'ns*, 372 S.W.3d at 623. Because the trial court signed its August 9, 2024 judgment while the case was removed to federal court, we declare the judgment void, vacate it, and dismiss this appeal.[3] *See Latty*, 907 S.W.2d at 486.

Velia J. Meza, Justice

---

[3] Our disposition does not disturb the justice court's judgment or the de novo appeal from it, which remains pending in the county court. That court was revested with jurisdiction when the federal district court remanded the case and may now proceed to trial. *See* TEX. R. CIV. P. 510.20(c).